SWAN & DEMING v. O'FALLON & POLK.

1. A plea in the nature of a plea in abatement, under the act authorising that plea in cases of attachment, only denies the facts alleged in the plaintiff's affidavit as the ground of the attachment. A misnomer cannot be taken advantage of under that plea, but must be specially pleaded in abatement.

2. An erasure cannot be proved by the opinion of a witness founded on inspection of the instrument, however skilled he may be in judging of handwritings. Whether the instrument were erased or not was a fact for the jury to find on inspection of the paper and evidence.

Appeal from the St. Louis Circuit Court.

*Crockett & Gist for Appellants.*

1st. Did the court err in refusing the instruction to the jury asked by the appellants, upon the trial of the issue upon the plea in abatement? Upon this point the counsel for the appellants respectfully submit, that in proving the fact, that a firm composed of Elisha Swan and *Anson L. Deming* were doing business in Illinois in January and February, 1840; the plaintiffs in the circuit court did not, thereby, directly or

SEPT'R TERM,
1841.

Swan & Dem-
ing    v.
Polk & O'Fal-
lon.
indirectly, establish the fact that Elisha Swan and *Nelson Deming* were non-residents of this State in July, 1840. There was no proof whatever that the firm at Lacon, Illinois, was the same which executed the note sued upon, nor was there any evidence conducing to prove their identity.

2d. Did the court properly refuse to permit the witness, Shaw, to answer the question propounded by appellants? We believe no principle is better established, than that in all controversies relating to handwriting, the opinion of persons skilled in such matters, is competent evidence; 1 Starkie's Evidence, 54; 1 Philips' Evidence, 373-4; 4 Term R. 497; 4 Esp. Rep. 117-145; 2 Saund. on Pleading & Ev. 554, (side page.)

3d. The court erred in admitting the note and endorsement in evidence, for the reason that it will *palpably* appear upon an inspection of the endorsement, that it has been erased, and was consequently inoperative at the time of the finding in the court below.

4th. For the reasons above stated, the court should have granted a new trial, which was refused.

### Polk for Defendants.

1. That the circuit court did right to refuse the instruction asked by the defendants below on the issue framed on the plea in the nature of a plea in abatement. Chitty's Bills, 353; Chitty's Bills, (8th edition,) 579-580; Dickinson v. Bowes, 16 East, 110.

2. That the court below committed no error in overruling the motion of the defendants below, for a new trial of the issue on the plea in nature of a plea in abatement. Campbell & Maison v. Hood, 6 Mo. Rep. 217.

3d. That the circuit court rightly adjudged that the question put by defendants below to the witness Shaw, was illegal and improper. 1 Stark. Ev. 14, 48, 69.

4. That the court below did right in overruling the motion for a new trial of the issue on the plea in bar. 6 Mo. Rep. 217.

*Opinion of the Court by Tompkins, Judge.*     SEPT'R TERM, 1841.

Swan & Deming v. Polk & O'Fallon.

Polk & O'Fallon sued Swan & Deming in the circuit court, and having there obtained a judgment against them, they appeal to this court.

The suit was brought on the statute, i. e. by petition in debt. The petition states that they, the plaintiffs, are the legal owners of a note against the defendants, Elisha Swan and Nelson Deming, executed by them by the name, style and description of Swan and Deming, to the following effect :

$519 28.00.                 St. Louis, 10th May, 1839.

Six months after date we promise to pay to John Riggin and Bro. or order, five hundred and nineteen dollars and 28 cents., &c.    Signed,        Swan & Deming.

This note was assigned to Polk & O'Fallon, by Riggin & Bro., and the plaintiff procured a writ of attachment, to issue against the goods, &c. of the defendants.   On this writ the sheriff made this return, that he had attached certain property in his return enumerated, and that he had offered to read the writ and declaration to Anson L. Deming, which he refused to hear.   Afterwards the defendants filed two pleas ; the first of which was in these words :

Swan & Deming,   ⎞
      ads.        ⎬   On attachment.
Polk & O'Fallon.  ⎠

The said defendants by their attorneys pray judgment of the said petition and summons, and of the attachment issued thereon, because they say that the affidavit filed by said plaintiffs, with their said petition, by virtue of which said attachment issued, together with all the facts stated in said affidavit, are untrue, &c.

The second plea denied the assignment by Riggin, &c., to the plaintiffs.

The material words of the affidavit, the truth of which is denied in the first plea, are these following, viz : " that Elisha Swan and Nelson Deming, the defendants named in the foregoing petition, are justly indebted unto Trusten Polk and John O'Fallon, the plaintiffs therein named, after

25*

SEPT'R TERM,
1841.

Swan & Dem-
ing    v.
Polk & O'Fal-
lon.
allowing all just credits, &c., in the sum of five hundred and forty dollars and forty-seven cents, on account of the same promissory note herewith filed, and a copy of which is contained in the foregoing petition, and also that this affiant has good reason to believe, defendants are not residents of, or residing in the State of Missouri," &c. On the trial of the issue made on the first plea, the defendants gave evidence to prove that the firm of Swan and Deming was composed of men named Elisha Swan and Anson L. Deming, instead of Ne'son Deming, and the witness stated that he knew no such man as Nelson Deming; and that they resided in Illinois.

The plaintiffs gave in evidence two promissory notes, filed with the petition in this cause.

This being all the evidence offered, the defendants moved the court to instruct the jury that if they believed from the evidence that the firm composed of Elisha Swan and Anson L. Deming reside in Illinois, it is not sufficient evidence that the firm composed of Elisha Swan and Nelson Deming are non-residents of this State. The court refused to give the instruction; and its opinion was excepted to.

A verdict was found and judgment given against the defendants, on this issue; and they moved for a new trial; assigning for reason that the court refused the instructions asked by them; and that the verdict was against evidence. Their motion was overruled.

The defendants then went to trial on the issue made on the second plea. The plaintiffs called a witness, who proved the assignment of the note. The defendants by their counsel, asked the witness if he was not skilled in judging of handwritings, and if so was it not his opinion that the endorsement on the back of the note had not been erased since it was originally made. The court, on motion of the plaintiff, directed the witness not to answer the question. Exception was taken to this decision of the court. A verdict being found and judgment given against the defendants on this issue, they moved for a new trial; and their motion being overruled they appeal to this court.

It is assigned for error in the judgment on the plea in

abatement, that the court refused to give the instructions asked by the defendants, and should therefore have granted a new trial.

It is assigned for error in the judgment on the issue made on the second plea, that the court excluded proper and competent evidence, and these were also the reasons for a new trial on the last issue.

On the error assigned in the judgment of court rendered on the issue made on the plea in abatement, it is to be observed that the defendant, Deming, should have pleaded the misnomer. The plea of misnomer is technically a plea in abatement, and not favored in law. In 1st Bacon, title abatement, letter D, these observations are found, viz: "But, though a defendant may by pleading in abatement, take advantage of a misnomer, when there is a mistake in the writ or declaration, as to the name of baptism or sur-name ; yet in such a plea he must set forth his right name so as to give the plaintiff a better writ. One defendant cannot plead a misnomer of his companion ; for the other defendant may admit himself to be the defendant. The defendant, though his name be mistaken, is not obliged to take advantage of it ; and therefore if he be impleaded by a wrong name, and afterwards be impleaded by his right name, he may plead in bar the former judgment, and aver that he is *una et eadem persona*."

Again, in 3d Bacon, title error, letter K, 5, it is said " A man shall never assign that for error, which he might have pleaded in abatement; for it shall be accounted his own folly to neglect the time of taking that exception.

The form of the plea is peculiar. The form of a plea of a defendant's christian name, as found in Chitty's pleadings, p. 901, is this:

C. D. sued by the name of E. D. }
  ats.         }
A. B.          }

And C. D. against whom the said A. B. hath exhibited his said bill by the name of E. D., comes and says that is named, &c.

Our statute declares that in all cases where the property

SEPT'R TERM, or effects of any defendant shall be attached, he may file by
1841. himself or attorney, a plea in the nature of a plea in abate-
Swan &Dem- ment, without oath, putting in issue the truth of the facts
ing v. alleged in the affidavit, on which the attachment was sued
Polk &Q'Fal- out.
lon.

A plea in        Upon such issue the plaintiff shall be held to prove the
the nature of existence of the facts alleged by him, as the ground of the
a plea in
abatement,    attachment; and if the issue be found for him the cause
under the act shall proceed; otherwise the cause shall be dismissed, &c.
authorising
that plea in Sections 11 and 12, of the act to amend an act to provide
cases of at-
tachment,on-for the recovery of debts by attachment, p. 6, of the session
ly denies the act of 1839.
facts alleged
in the plain-    The facts sworn to here in order to procure the attach-
tiff's affidavit
as the ground ment, are, as above stated, that Elisha Swan and Nelson
of the attach-Deming, the defendants named in the foregoing petition,
ment. A mis-
nomer cannot are justly indebted, &c., and that the affiant has good reason
be taken ad-to believe, &c, that the defendants are not residents, &c.
vantage of
under that   The defendants then come, and instead of Deming pleading
plea,but must the misnomer of his christian name according to the rules
be specially
pleaded in   above cited, the two defendants commence the plea in the
abatement.   form usual when there is no misnomer, admitting thereby
that they are the persons sued, and do not pretend to contest
the truth of the material facts, non-residence and indebted-
ness, and after admitting by their own plea that they are
the real defendants, require the circuit court to instruct the
jury that if they believe the firm composed of Elisha Swan
and Anson L. Deming reside in Illinois, it is not evidence
that the firm composed of Elisha Swan and Nelson Deming
are non-residents of this State! At common law it has
been shown, a plea commencing in the manner this did,
would be construed to admit the identity of the defendants,
and our statute gives a plea only in the nature of plea in
abatement, not for the purpose of putting in issue the chris-
tian name of Deming, but the fact of his residence or non-
residence in the State of Illinois. The circuit court, in my
opinion, committed no error in refusing to instruct the jury
as required, and consequently it committed no error in refu-
sing to grant a new trial, on the issue made on the plea in
abatement.

On the exception taken to the decision of the court in refusing to permit the witness to tell the jury whether it was his opinion that the endorsement on the back of the note sued on had been erased, this single observation may suffice, viz: that it cannot be perceived how skill in judging of handwritings can enable a witness to judge what is an erasure better than another man who knows how to write and knows the meaning of the word erasure. Whether the endorsement were erased or not, was a fact for the jury to find on inspection of the paper and evidence, and the court committed no error, in my opinion, in refusing to permit the witness to tell them his opinion on the subject. This evidence being properly excluded, and no other being offered, the court consequently committed no error in refusing to grant a new trial. The judgment of the circuit court is affirmed.

*SEPT'R TERM, 1841.*

Swan & Deming v. Polk & O'Fallon.

An erasure cannot be proved by the opinion of a witness, founded on inspection of the instrument, however skilled he may be in judging of handwritings. Whether the instrument were erased or not was a fact for the jury to find on inspection of the paper and evidence.

*Scott, Judge.*

I concur in affirming the judgment and awarding damages.